United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 03, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 24-396 |
| **Attorney Suspension of Diogu** § | |
| **Kalu Diogu II et al** § | |

## MEMORANDUM OPINION

Diogu Kalu Diogu II moves to quash an order in his chapter 13 case suspending him from practice before the Bankruptcy Court, arguing the underlying state court disbarment order was void. The Court denies the motion.

## BACKGROUND

### I. FACTUAL BACKGROUND

The Commission for Lawyer Discipline initiated disbarment proceedings against Diogu on January 6, 2021. The case was before Judge Norma Gonzales in the District Court of Fort Bend County, Texas.

On January 19, 2024, Diogu filed a motion to disqualify or recuse Judge Gonzales under Texas Rule of Civil Procedure 18. *See* CX 13 at 6. Pursuant to Texas Rule of Civil Procedure 18a, Judge Gonzales referred the motion to Judge Susan Brown of the Eleventh Administrative Judicial Region of Texas. *See* ECF No. 20-2. On January 24, Judge Brown denied recusal of Judge Gonzales. ECF No. 20-2.

On January 25, Diogu moved for disqualification or recusal of Judge Brown and for reconsideration of the denial to recuse Judge Gonzales. *See* CX 13 at 7.

On January 26, Judge Gonzales held a pre-trial conference. PX54. Diogu notified Judge Gonzales about the pending motion in front of Judge Brown. Judge Gonzales stated: "I've read the rules that allow me to proceed, so I'm going to proceed this morning." PX54 at 7.

On January 29, Judge Brown declined to recuse herself and referred the motion to the Chief Justice of the Supreme Court of Texas. CX 13 at 8.

Trial took place on January 30 in front of Judge Gonzales. Diogu did not attend the trial. *See* ECF No. 20-1; *see also* CX 10 (Diogu did not appear, "not withstanding [sic] having received notice and confirmation at the pretrial hearing on January 26, 2024."). The trial ended with a jury verdict for disbarment and Judge Gonzales ordered Diogu disbarred. CX 10.

## II. PROCEDURAL BACKGROUND

Diogu is the chapter 13 debtor in case number 21-33581. The Bankruptcy Court was informed of Diogu's disbarment. The Southern District of Texas automatically disbars an attorney from appearing before it if the attorney was disbarred by the State of Texas. RULES 3 AND 4 OF THE RULES OF DISCIPLINE (made applicable to bankruptcy cases by Bankruptcy Local Rule 1001-1(b)). On February 7, 2024, Chief Bankruptcy Judge Eduardo Rodriguez entered an order suspending Diogu from practicing before the Bankruptcy Court. Case No. 21-33581, ECF No. 285.

### A. Motion to Quash

Diogu moved to quash the order issued by Chief Judge Rodriguez, arguing that Judge Gonzales' order of disbarment is void. Chief Judge Rodriguez recused, ECF No. 2, and the motion was referred to us.

Diogu argues the state court order of disbarment is void because it was issued while his two motions were pending: the motion to recuse or disqualify Judge Brown and the motion for reconsideration of Judge Gonzales' non-recusal. He reasons that, until his motions were ruled on, Judge Gonzales did not have authority to hold the trial. As a result, he argues, Judge Rodriguez could not recognize the allegedly void state court disbarment order.

### B. Other Motions

There are various pending motions before the Court.

Diogu moved to consolidate this case with his case in front of Judge Lee Rosenthal. ECF No. 17.

There is an unsigned "Emergency Motion to Abate this Proceeding Because of Judge Isgur's Failure to Recuse or Disclose His Relationship with the Resigned Judge David Jones or Michael Durshmidst [sic]." ECF No. 13.

Diogu moved to withdraw his motion to quash and the supplemental motion to quash. ECF No. 16.

Diogu also filed a motion to dismiss the "complaint against Defendant, Chief Judge Eduardo V. Rodriguez." ECF No. 22.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

Texas Rule of Civil Procedure 18a governs recusal and disqualification of judges. Rule 18a(f)(2)(A) states: "If a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." Tex. R. Civ. P. 18a(f)(2)(A).

## DISCUSSION

### I. MOTION TO QUASH

The crux of Diogu's motion to quash is whether Judge Brown's order denying recusal was stayed by the filing of either of the motions.

#### A.   Motion to Recuse or Disqualify Judge Brown

Rule 18a(f)(2)(A) applies to the respondent judge and stays any further action in the case until the motion has been decided. When

Diogu moved to recuse Judge Gonzales, Judge Gonzales was the respondent judge. Judge Gonzales properly referred the motion to Judge Brown and did not take further action in the case. Once Judge Brown decided the motion, denying Judge Gonzales' recusal, the stay on further action in the case was lifted.

Diogu's argument that moving to recuse Judge Brown also works to stay Judge Gonzales' further action in the case misreads the statute. Rule 18a(f)(2)(A) stays further action by the respondent judge, meaning the judge against whom the motion is filed. Therefore, Judge Gonzales' authority to proceed in the case was unaffected by the motion to recuse Judge Brown.

### B. Motion to Reconsider Non-recusal of Judge Gonzales

Diogu argues that his motion for reconsideration of the denial of recusal stayed the authority granted to Judge Gonzales by the denial.

Diogu has tried, and failed, to argue this point before. *Diogu v. Ratan-Aporn*, 2015 WL 3982531 (Tex. App. June 30, 2015).

In *Diogu v. Ratan-Aporn*, Diogu filed a motion for reconsideration of the denial of his motion to recuse the trial judge. He then argued that the trial court erred in proceeding with the trial because his motion for reconsideration was still pending.

The Court of Appeals held:

> We likewise reject Diogu's argument that the trial court should have stayed the trial court proceedings after he filed a Motion for Reconsideration of the denial of his recusal motion. He reasons that "his first Order denying the Appellant's Motion to recuse/Disqualify was put on hold and suspended until the motion for reconsideration was decided." Nothing in rule 18a or the case law interpreting it supports Diogu's position that the trial court could not proceed with the ongoing trial while a Motion for Reconsideration was pending.

*Id* at *4.

Ultimately, the issue of whether Judge Gonzalez's order was correct must be left to the Texas appellate courts. We only decide the much narrower question as to whether Chief Judge Rodriguez inappropriately relied on a void order. The order was not void, and Diogu offers no persuasive authority to the contrary.

## II. OTHER MOTIONS

The motion to consolidate is mooted by Judge Rosenthal's March 25, 2024, remand order. Case No. 4:24-cv-00779, ECF No. 9.

The unsigned motion is denied.

The motion to quash has been opposed. *See* ECF Nos. 6, 14 & 15. Federal Rule of Civil Procedure 41(a)(1)(A)(i) prohibits withdrawal of an opposed action. The motion to withdraw is denied.

The motion to dismiss has no basis. There is no complaint against Chief Judge Rodriguez in this case. The motion to dismiss is moot.

## CONCLUSION

A separate order will be issued.

SIGNED 04/03/2024

Marvin Isgur
United States Bankruptcy Judge